# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

JORDAN ARMAND WOODS,       )
                                     )
          Plaintiff,              )
                                     )
          v.                     )           No. 1:17-cv-01 CEJ
                                     )
IAN WALLACE, et al.,             )
                                     )
          Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Jordan Armand Woods, an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without prepayment of the filing fee. Having reviewed Plaintiff's financial information, the Court assesses a partial initial filing fee of $6.88. In addition, the Court will require Plaintiff to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $34.38, and an average monthly balance of $5.06. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.88, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)(2)(B)

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se*

complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## Discussion

While much of the complaint is illegible, it is clear that plaintiff has named five defendants in this action. Also, it appears plaintiff attempts to allege multiple constitutional violations occurring on various dates in 2013 and 2014, relating to transfers from various prisons within the Missouri Department of Corrections. The Court has been able to discern, for example, that plaintiff is referring to his time in MECC, SECC and NECC. Plaintiff also refers to time spent in "Pacific, Missouri. A civil plaintiff may not bring multiple claims against multiple parties, nor can he bring claims in the same lawsuit relating to transactions or occurrences that arose in different places.[1]

In addition to the aforementioned, it appears that plaintiff simply lists the defendants' names in the "Statement of Claim" portion of the complaint without specifying what each defendant personally did to violate his constitutional rights. "Liability under § 1983 requires a

---

[1]Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."
Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Finally, plaintiff fails to specify the capacity in which he intends to sue the defendants. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Because Plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to those claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). If plaintiff wants to bring additional claims against additional defendants, and the claims are not related to each other, he must file each such claim(s) on a separate complaint form as a new civil case, and either pay the entire filing fee or move for leave to proceed *in forma pauperis*. Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single defendant. *See* Fed.R.Civ.P. 18(a).

Plaintiff is required to specify whether he intends to sue each defendant in his or her individual or official capacity. Plaintiff's failure to sue any defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff is required to submit his amended complaint on a court-provided form, and the complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. **Plaintiff must type or legibly print the amended complaint.** In the "Caption" section, plaintiff shall list the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff shall start by **typing or legibly printing** the defendant's name and title, and under the name and title, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. **If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) he claims that particular defendant violated.**

The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $6.88 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

5

prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff three (3) blank forms for the filing of a prisoner civil rights complaint.  Plaintiff may request additional forms from the Clerk, as needed.

**IT IS FURTHER ORDERED that** if plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice.

Dated this 22nd day of February, 2017.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE